UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| JOHNATHAN CHEN,<br><br>        Plaintiff,<br><br>-v.-<br><br>SCOTT & ASSOCIATES, PC, AND CACH, LLC.<br><br>        Defendant. | Civil Action No: 4:20-cv-2673<br><br>**COMPLAINT**<br>**DEMAND FOR JURY TRIAL** |

**NOW COMES,** Johnathan Chen (hereinafter, "Plaintiff"), a Texas resident, brings this Complaint by and through his attorneys, the SHAWN JAFFER LAW FIRM PLLC against Defendant Scott & Associates, PC (hereinafter "SCOTT" or "Defendant SCOTT") and CACH, LLC (hereinafter "CACH" or "Defendant CACH"), for violations 15 U.S.C. § 1692 et seq., of the Fair Debt Collection Practices Act ("FDCPA").

**JURISDICTION AND VENUE**

1. Plaintiff brings this action under §1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA") for statutory damages, costs, and reasonable attorney's fees.

2. This Court has jurisdiction over this action and all counts under 28 U.S.C. §§ 1331, 1337 and 15 U.S.C. § 1692k.

3. Venue in this District is proper under 28 U.S.C. §§ 1391(b)(2) because a substantial part of the events or omissions giving rise to this claim occurred here.

## **PARTIES**

4.     Plaintiff is a resident of Fort Bend County, Texas.

5.     Plaintiff is allegedly obligated to pay a "Consumer Debt" for an alleged debt arising from a WebBank consumer loan or credit card in the amount of $13,958.44 and currently owned by CACH, LLC.

6.     Plaintiff is a "Consumer" meaning Plaintiff is a natural person who is obligated or allegedly obligated to pay any debt, as defined by the FDCPA.

7.     The Consumer Debt is an obligation or alleged obligation of the Plaintiff to pay money arising out of a transaction in which the money, property, or services which are the subject of the transaction are primarily for personal, family, or household purposes, as defined by the FDCPA.

**Defendant Scott & Associates, PC**

8.     Defendant SCOTT is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and can be served on National Registered Agents, Inc. at 1999 Bryan St, Suite 900, Dallas, TX 75201.

9.     Defendant SCOTT regularly collects or attempts to collect debts due to third-parties, directly or indirectly from consumers within the State of Texas.

10.    Upon information and belief, Defendant SCOTT is a company that uses the mail, telephone, and facsimile and regularly engages in a business the principal purpose of which is to attempt to collect debts alleged to be due another.

**Defendant CACH, LLC**

11.    Defendant CACH is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and can be served on Corporation Service Company, at 211 E 7th Street, Suite 620, Austin TX 78701.

12.     Defendant CACH regularly collects or attempts to collect debts due to third-parties, directly or indirectly from consumers within the State of Texas.

13.     Upon information and belief, Defendant CACH is a company that uses the mail, telephone, and facsimile and regularly engages in a business the principal purpose of which is to attempt to collect debts alleged to be due another.

## FACTUAL ALLEGATIONS

14.     Plaintiff repeats, reiterates, and incorporates the allegations contained in paragraphs numbered above herein with the same force and effect as if the same were set forth at length herein.

15.     On June 8, 2015 Plaintiff opened the Consumer Debt as with Avant/WebBank.

16.     The alleged Consumer Debt is a "debt" as defined by 15 U.S.C.§ 1692a (5).

17.     On November 1, 2015, the Consumer Debt became delinquent and was charged off in the following months.

18.     On July 9, 2020, more four year after the Consumer Debt became delinquent, Defendant SCOTT on behalf of Defendant CACH mailed Plaintiff a "Letter". A true and correct copy of the letter from Defendant SCOTT is attached hereto as **Exhibit "A".**

19.     SCOTT and CASH did not disclose to Plaintiff that the Consumer Debt was time-barred.

20.     SCOTT and CACH did not disclose in its Letter to Plaintiff, the pitfalls of paying on a time-barred debt.

21.     SCOTT and CACH did not disclose to Plaintiff that neither SCOTT not CACH could sue the Plaintiff on the Consumer Debt.

22.     The Consumer Debt was delinquent for more than 4 years.

23.     For these reasons, SCOTT and CACH misrepresented the legal status and character of the Consumer Debts when it demanded payment from Plaintiff.

24. As a result of Defendants' deceptive, misleading, and unfair debt collection practices, Plaintiff has been damaged with an informational injury.

## COUNT I
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. §1692 *et seq.* AGAINST SCOTT & CACH

25. Plaintiff repeats, reiterates, and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

26. Defendant SCOTT's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

27. Pursuant to 15 U.S.C. § 1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt, including:

    a. The false representation of the character, amount, or legal status any debt, § 1692e(2); and

    b. The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer, § 1692e(10).

28. Pursuant to 15 U.S.C. § 1692f, a debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.

29. By reason thereof, Defendant SCOTT and Defendant CACH are liable to Plaintiff for judgment that Defendant SCOTT and Defendant CACH's conduct violated Sections 1692e and 1692f et seq. of the FDCPA and Plaintiff is entitled to an award of statutory damages, costs and reasonable attorney's fees.

## DEMAND FOR TRIAL BY JURY

30. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a

trial by jury on all issues so triable.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff Johnathan Chen demands judgment from Defendant SCOTT and Defendant CACH:

1. Awarding Plaintiff $1,000 in statutory damages under the FDCPA against SCOTT;

2. Awarding Plaintiff $1,000 in statutory damages under the FDCPA against CACH;

3. Awarding Plaintiff actual damages to be determined by a jury under the FDCPA against SCOTT;

4. Awarding Plaintiff actual damages to be determined by a jury under the FDCPA against CACH;

5. Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses against SCOTT and CACH under the FDCPA;

6. Enjoin the Defendants from collection activities on the Consumer Debt; and

7. Awarding Plaintiff any other and further relief as this Court may deem just and proper.

Dated:   July 29, 2020

Respectfully Submitted,
**Shawn Jaffer Law Firm PLLC**

/s/ Shawn Jaffer                         .
Shawn Jaffer, Esq. Attorney in Charge
TX Bar No: 24107817
13601 Preston Rd, Suite E770
Dallas, TX 75240
T : 214-494-1668
F:  469-669-0786
shawn@jaffer.law
*Attorney for Plaintiff Johnathan Chen*